UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ORBELINA DEL CARMEN VELIS DE CRUZ,   )
                                      )
            Petitioner,               )
                                      )
      v.                              )      No. 2:25-cv-00648-MPB-MJD
                                      )
BRANDON CROWLEY CLAY COUNTY JAIL      )
COMMANDER, IN THEIR OFFICIAL          )
CAPACITY, *et al.*,                   )
                                      )
            Respondents.              )

**ORDER DENYING FURTHER RELIEF AND
DIRECTING ENTRY OF FINAL JUDGMENT**

The Court granted Orbelina Velis de Cruz's petition for a writ of habeas corpus in part, ordering the respondents to afford her an administrative bond hearing or release her from detention. Dkt. 16. An immigration judge denied Ms. Velis de Cruz's bond request, and she remains detained at the Clay County Jail.

The Court granted Ms. Velis de Cruz leave to develop an issue that her petition referenced but did not thoroughly address: whether her deferred action status makes the very fact of her detention unlawful, even given the opportunity to seek bond. The parties have responded. The Court concludes that Ms. Velis de Cruz's deferred action status does not preclude the government from detaining her during her removal proceedings pursuant to 8 U.S.C. § 1226(a).

**I. Background**

Ms. Velis de Cruz entered the United Sates at a port of entry in 2013 after fleeing El Salvador. In 2018, an immigration judge ordered Ms. Velis de Cruz removed. She appealed, and the Board of Immigration Appeals (BIA) remanded the case in 2022. Later in 2022, an immigration

judge again ordered Ms. Velis de Cruz removed. She again appealed, and that appeal remains pending. Dkt. 1 ¶¶ 34, 38, 40; dkt. 12-1 at 3.

In 2018, Ms. Velis de Cruz and her family applied for nonimmigrant alien status under 8 U.S.C. § 1101(a)(15)(U)—commonly referred to as a U visa. Dkt. 9 ¶ 39. A U visa is available to an individual who, after entering the United States unlawfully, assists the government in investigating or prosecuting a serious crime. A U visa holder obtains lawful status to remain in the United States for a specified period. 8 U.S.C. § 1184(p)(6).

The government may issue at most 10,000 U visas per year. 8 U.S.C. § 1184(p)(2)(A). Therefore, when U.S. Citizenship and Immigration Services (USCIS) determines that a U visa petitioner meets all requirements, it approves the application and places the petitioner on a waiting list. 8 C.F.R. §§ 214.14(c)(5)(i), (d)(2). "USCIS will grant deferred action or parole" to petitioners and qualifying family members while they remain on the waiting list. *Id.* at § 214.14(d)(2). USCIS may revoke an approved U visa petition after issuing the petitioner notice and affording certain procedural rights. *Id.* at § 214.14(h).

USCIS notified Ms. Velis de Cruz in December 2023 that her U visa application was bona fide and that she and her family would receive deferred action for four years. Dkt. 9-4. Nevertheless, ICE officers arrested Ms. Velis de Cruz outside her home in June 2025, and she has been detained in one correctional facility or another since then. Dkt. 9 ¶¶ 44–52; dkt. 12-1 at 2.

On January 16, USCIS notified Ms. Velis de Cruz that it intends to deny her U visa application and revoke her deferred action status. Dkt. 20-1. The notice directed Ms. Velis de Cruz to submit additional information in support of her application no later than February 18. *Id.* at 3– 4. The record does not verify whether USCIS has finalized its decision on Ms.  Velis de Cruz's

U visa application or her deferred action status. Therefore, the Court assumes for purposes of this order that Ms. Velis de Cruz's deferred action status remains active.

## II. Analysis

"Aliens granted deferred action are considered to be *in a period of stay* authorized under USCIS policy for the period deferred action is in effect." USCIS Policy Manual, Vol. 3, Part C, Ch. 2, § 4 (eff. Dec. 22, 2025) (emphasis added; footnotes omitted). As a matter of policy, a deferred action recipient cannot be removed, at least until the deferred action is rescinded. *Id.*; 8 C.F.R. § 214.14.

The question before this Court is not whether Ms. Velis de Cruz may be *removed*, but whether she can be *detained* consistent with the Constitution and laws of the United States. 8 U.S.C. § 2241(c)(3); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 114–15, 118 (2020) (Asylum seeker's habeas petition was properly dismissed given that it sought only an "opportunity to apply for asylum and other applicable forms of relief" and not "release from custody. . . . Such relief might fit an injunction or writ of mandamus . . . but that relief falls outside the scope of the common-law habeas writ.").[1] And, while deferred action offers protection against removal, there is no authority clearly demonstrating that deferred action bars detention *during* a removal proceeding.

### A.    Deferred Action and § 1231 Detention

Ms. Velis de Cruz cites one district court decision ordering that a detainee subject to a final removal order be released based on active deferred action status. *Nevarez Jurado v. Freden*,

---

[1] The respondents argue at length that this Court is statutorily barred from hearing a challenge to the immigration judge's denial of bond. Dkt. 20 at 2–4. That is not the question on which this Court permitted additional briefing or the question the Court now confronts. The Court considers only whether Ms. Velis de Cruz's deferred action status made it unlawful for the government to detain her in the first place and makes it unlawful for the government to continue to detain her as her removal case proceeds.

No. 25-CV-943-LJV, 2025 WL 3687264 (W.D.N.Y. Dec. 19, 2025). But Ms. Velis de Cruz is not subject to a final removal order, and that makes all the difference.

Detention of a citizen subject to a final removal order is authorized by 8 U.S.C. § 1231. Since the Supreme Court decided *Zadvydas v. Davis*, 533 U.S. 678 (2001), § 1231 detention must be justified by removal. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Deferred action precludes detention under § 1231 (at least beyond the statutory 90-day removal period) because deferred action precludes removal in the reasonably foreseeable future. *Nevarez Jurado*, No. 25-CV-943-LJV, 2025 WL 3687264, at *8 ("[A]n unrevoked grant of deferred action prevents removal. . . . Thus, because that protection means Nevarez Jurado's removal is not reasonably foreseeable, his continued detention under 28 U.S.C. § 1231 is improper.").

Ms. Velis de Cruz is not subject to a final removal order. She is not detained under authority of § 1231. She is detained under § 1226(a) as the government seeks a removal order. Accordingly, deferred action does not stand in the way of detention in the same way it would in a case governed by § 1231 and *Zadvydas*.

**B.     DACA and § 1226(a) Detention**

Ms. Velis de Cruz also cites *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588 (W.D. Tex. Oct. 2, 2025), for the proposition that there is no lawful basis for detaining a noncitizen with an active deferred action status. Dkt. 18 at 2–3. *Santiago* differs from this case, however, because Santiago was specifically protected through the Deferred Action for Childhood Arrivals (DACA) program—not U visa deferred action. The court's decision was based in part on reasoning that previous cases treated DACA as creating a liberty interest that precluded detention:

> This position is supported by decisions holding that a DACA recipient must be provided with due process before their DACA is terminated. *See Inland Empire -*

4

> *Immigrant Youth Collective v. Nielsen*, No. 17-cv-2048, 2018 WL 4998230, at *19 (C.D. Cal. Apr. 19, 2018); *Medina v. U.S. Dep't of Homeland Sec.*, No. 17-cv-218, 2017 WL 5176720, at *9 (W.D. Wash. Nov. 8, 2017). Although DACA is a discretionary benefit, not an entitlement, once DACA is conferred, a recipient has a protected property interest in retaining that benefit. *See Inland Empire*, 2018 WL 4998230, at *19; *see also Texas*, 126 F.4th at 422 (citations omitted) (staying recission of DACA as to existing applicants because "'DACA has had profound significance to recipients and many others in the [now-twelve] years since its adoption'" and has thus created "immense reliance interests."). *A core benefit of DACA is that it allows recipients to live, study, and work in the United States without fear of arrest or deportation. It would be incongruous to find that DACA recipients acquire a constitutionally protected interest in their DACA benefit, but not one of its essential facets: their liberty.*

Santiago, No. EP-25-CV-361-KC, 2025 WL 2792588, at *10 (emphasis added).

This Court is aware of no authority—and Ms. Velis de Cruz offers none—treating U visa deferred action as creating a liberty interest that protects against detention in addition to removal. Because Ms. Velis de Cruz's deferred action status comes from her bona fide U visa application and not DACA, *Santiago* does not support her position.

## C.     U Visa Deferred Action and § 1226(a) Detention

The ultimate question is whether the deferred action granted to a bona fide applicant on the U visa waiting list prevents the government from detaining the applicant during removal proceedings under § 1226(a). Ms. Velis de Cruz correctly notes that the district court ordered the release of a habeas petitioner protected by deferred action in *Victor G. v. Lyons*, No. 26-CV-119 (ECT/SGE), 2026 WL 127733 (D. Minn. Jan. 17, 2026); *see also* dkt. 18 at 2. But that court ordered Victor G. released for a more fundamental reason: After months in detention, the government still had not initiated removal proceedings against him. *Victor G.*, No. 26-CV-119 (ECT/SGE), 2026 WL 127733, at *3. Victor G. was protected by U visa deferred action, but the government also did not initiate the removal proceeding that would otherwise have justified his detention under § 1225 or § 1226.

5

Meanwhile, Ms. Velis de Cruz is subject to an ongoing removal proceeding. It is true that she will not be removed while her deferred action status remains active. Nevertheless, the government may have a legitimate interest in obtaining a removal order so it has authority to remove Ms. Velis de Cruz if her deferred action status is revoked, or if it expires, or if her conduct prompts reconsideration of her U visa. So long as she is in a removal proceeding, the government has statutory authority to detain her under § 1226(a). And the Court is aware of no case law and no aspect of the deferred action program itself forbidding § 1226(a) detention (as opposed to removal) of a person with active U visa deferred action status.

### III. Conclusion

The Court granted Ms. Velis de Cruz's petition for a writ of habeas insofar as the respondents were given a deadline to certify that Ms. Velis de Cruz (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) was released from detention. The Court now **denies** the petition to the extent it seeks additional relief. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: April 3, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Sally Monteith Joyner
Mid-South Immigration Advocates
joyner@miamemphis.org

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov